IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CAREY A. FORTSON,<br>    Plaintiff,<br><br>                    v.<br><br>RANDY TERMEER, PRESIDENT; KELLY ARMSTRONG, SECRETARY; UNITED SERVICES AUTOMOBILE ASSOCIATION (USAA); PROPERTY CASUALTY INSURANCE (USAA); CASUALTY INSURANCE COMPANY, USAA; GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY; USAA COUNTY MUTUAL INSURANCE COMPANY, NOBLR RECIPROCAL EXCHANGE; USAA LIMITED; USAA S.A.; and USAA S.A. UK BRANCH,<br>    Defendants. | Civil Action No.<br>1:24-cv-04137-SDG |

**OPINION AND ORDER**

This matter is before the Court on a 28 U.S.C. § 1915(e)(2) frivolity review of the Complaint filed by *pro se* Plaintiff Carey A. Fortson.[1] Because the pleading fails to state a claim, this case must be dismissed.

**I.    Background**

Fortson's complaint stems from the timing of his cancellation of collision coverage with his insurer, USAA. Fortson was injured in a car accident on June 8, 2024. USAA apparently informed Fortson that his collision coverage was cancelled

---

[1]    ECF 3.

effective June 6, 2024, so that the June 8 accident was not covered. Fortson disagrees and contends he paid for collision coverage for the period from June 6 to July 6, such that the accident should have been covered by his policy.[2] Fortson's sole claim related to this dispute, however, is for intentional infliction of emotional distress for the anguish he allegedly suffered because of USAA's insistence that he did not have coverage.[3]

## II.   Standard of Review

Fortson is appearing *pro se*, so the Court construes the Complaint leniently and holds it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (similar). But that leniency does not permit the Court "to rewrite an otherwise deficient pleading." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). And when a plaintiff has been granted leave to proceed *in forma pauperis*, as Fortson has,[4] the case is subject to dismissal if the action is frivolous or the complaint fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

---

[2]   *See generally id.*

[3]   ECF 5.

[4]   ECF 2.

**III.     Discussion**

A claim is frivolous if it lacks an arguable basis in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as recognized in Christiansen v. Clarke*, 147 F.3d 655, 658–59 (8th Cir. 1998). A complaint fails to state a claim if it does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To recover for intentional infliction of emotional distress (IIED), a plaintiff must show intentional or reckless conduct that is extreme and outrageous, and that caused severe emotional distress. *Trimble v. Cir. City Stores, Inc.*, 220 Ga. App. 498, 499 (1996). The conduct must "be of such serious import as to *naturally* give rise to such intense feelings of humiliation, embarrassment, fright or extreme outrage . . . ." *Gordon v. Frost*, 193 Ga. App. 517, 521 (1989). Whether conduct is extreme enough to support an IIED claim is a question of law. *Trimble*, 220 Ga. App. at 499.

Here, Fortson has not identified any extreme and outrageous conduct or facts that show how he suffered severe emotional distress as a result. As alleged, he has described only a common contract coverage dispute. While the timing of the dispute—after he was injured in a car accident—may have caused Fortson concern, he has not described any conduct whatsoever by a named Defendant

other than USAA itself. As to USAA, nothing in the Complaint suggests any outrageous behavior on its part.

IV. **Conclusion**

Fortson has failed to state a claim against any Defendant and his Complaint is therefore frivolous. This action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 3rd day of January, 2025.

Steven D. Grimberg
United States District Judge